Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 91 C 2092 | DATE | 4/24/2000 |
| CASE TITLE | Alexander Binzel vs. Nu-Tecsys Corporation, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] This trademark infringement and unfair competition case resulted in a $4 million judgment which the court reduced to $2.37 million in its 3/23/00 opinion. The court grants Nu-Tecsys' motion for prejudgment interest from the 4/16/91, the date Binzel distributed the Detroit Letter. The parties are directed to prepare and submit a stipulation regarding the appropriate calculation.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 5 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | APR 2 7 2000 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | S.B. docketing deputy initials | 326 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| ETV | courtroom deputy's initials | 4/24/2000 date mailed notice ETV mailing deputy initials | |
| | | Date/time received in central Clerk's Office | |

(Reserved for use by the Court)

# ORDER

This trademark infringement and unfair competition case resulted in a $4 million judgment which the court reduced to $2.37 million in its March 23, 2000 opinion. In ordering remittitur, the court concluded that the $4 million award was so excessive as to constitute a penalty, and entered judgment for an amount that it found "just, according to the circumstances of the case." *See Alexander Binzel Corp. v. Nu-Tecsys Corp.*, No. 91 C 2092, 2000 WL 310304, at *14 (N.D. Ill. Mar. 24, 2000). The court also denied Nu-Tecsys' motions for attorneys' fees and enhanced and punitive damages, concluding that the jury award was based at least in part on need to deter further wrongful conduct on the part of Binzel. *See id.* at *15. In so deciding, the court neglected to rule on Nu-Tecsys' motion for prejudgment interest.

Citing *Gorenstein Enterprises v. Quality Care-USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989), Nu-Tecsys notes that prejudgment interest is "presumptively available to victims of federal law violations" and is "particularly appropriate" where the violation was intentional. Indeed, "prejudgment interest is an element of complete compensation." *See West Virginia v. United States*, 479 U.S. 305, 310 (1987). Binzel opposes an award of prejudgment interest, arguing that the jury may have already taken interest into account in determining the amount of the award. If the court does award prejudgment interest, Binzel argues that such interest should be calculated only on the amount of the award that is compensatory. Binzel is correct in observing that the purpose for an award of prejudgment interest is to fully compensate the injured party, rather than to penalize the other party, and therefore should not be awarded on enhanced or punitive damage awards. *See Raybestos Prods. Co. v. Younger*, 54 F.3d 1234, 1247 (7th Cir. 1995). In this case, however, the award of wrongful profits was a compensatory award, despite the fact that the award was based in part on a deterrence rationale. *See* 15 U.S.C. 1117(a) (allowing for award of defendant's profits, but only as compensation, not as a penalty); *Roulo v. Russ Berrie & Co., Inc.*, 886 F.2d 931, 941 (7th Cir. 1989) (award of profits appropriate under deterrence theory). In addition, the court specifically declined to enhance the damages award, or to award punitive damages. The purpose of the award in this case was to compensate Nu-Tecsys, and therefore, prejudgment interest is available to Nu-Tecsys on the entire amount of the award. Further, there is no reason to presume that the jury had taken interest into account in determining the award; they were not instructed on the issue of interest but were merely instructed to compensate the injured party. *See Amsted Indus., Inc. v. National Castings, Inc.*, No. 88 C 0924, 1990 WL 205878, at *3 (N.D. Ill. Dec. 7, 1990).

Finally, the parties dispute the date from which the interest should be calculated. Arguing that interest should accrue from the date Nu-Tecsys filed its counterclaim on August 19, 1998, Binzel cites a case in which the question of prejudgment interest was governed by Illinois statutory law. *See National Tea Co. v. Ryan Aviation Corp.*, 578 F.Supp. 291, 296 (N.D. Ill. 1984). Federal law, however, dictates that prejudgment interest be accrued from the date of the injury. *See e.g. In re Amoco Cadiz*, 954 F.2d 1279, 1331 (7th Cir. 1992) ("By committing a tort, the wrongdoer creates an involuntary creditor . . . once there is a judgment, the obligation is dated as of the time of the injury."); *Sands, Taylor & Wood v. Quaker Oats Co.*, No. 84 C 8075, 1990 WL 251914, at *26 (N.D. Ill. Dec. 20, 1990) (awarding prejudgment interest for Lanham Act violation from date of injury), *aff'd in part, rev'd in part*, 978 F.2d 947, 963 (7th Cir. 1992) (affirming award of prejudgment interest but vacating amount and ordering recalculation based on redetermination of damages). In conclusion, the court grants Nu-Tecsys' motion for prejudgment interest from the April 16, 1991, the date Binzel distributed the Detroit Letter. The parties are directed to prepare and submit a stipulation regarding the appropriate calculation.

[signature]